Riccardo M. DeBari
New Jersey Bar No. 026232008
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, NY  10017
Telephone:  (212) 908-3975
Facsimile:  (212) 344-6101
riccardo.debari@thompsonhine.com

*One of the Attorneys for Defendant*
*ITW Food Equipment Group LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES HARVEY and KELLY HARVEY, his wife, | CASE NO.:  20-20194 |
| Plaintiffs, | JUDGE: |
| v. | |
| ITW FOOD EQUIPMENT GROUP LLC; BJ'S WHOLESALE CLUB (for discovery only); ABC, INC. (1-10); XYZ, INC. (1-10); JOHN DOE (1-10) and RICHARD ROE (1-10), said names ABC, Inc., XYZ, Inc., and John Doe and Richard Roe being fictitious, jointly, individually, and in the alternative, | **NOTICE OF REMOVAL** |
| Defendants. | |

Defendant ITW Food Equipment Group LLC ("ITW FEG") hereby gives notice of removal of a civil action, Docket No. MID-L-7914-20, from the Superior Court of New Jersey Law Division: Middlesex County.  Removal of this action is proper under 28 U.S.C. §§ 1441 and 1446 for the reasons set forth below.

1. Pursuant to Local Civil Rule 10.1(a), ITW FEG states that the addresses of the named parties, to the extent known by ITW FEG, are:

>James and Kelly Harvey
>10 Bruce Place
>Rumson, NJ  07760
>
>ITW Food Equipment Group LLC
>701 S. Ridge Avenue
>Troy, OH  45374
>
>BJ'S Wholesale Club
>25 Research Drive
>Westborough, MA  01581
>(Named for Discovery Purposes Only)

2. On or about November 12, 2020, Plaintiffs filed their Complaint in the above-entitled civil action against ITW FEG, among others,[1] in the Superior Court of New Jersey Law Division: Middlesex County, Docket No. MID-L-7914-20 ("State Action"), where it is currently pending.

3. The Summons and Complaint naming ITW FEG as a defendant, along with the attached Civil Case Information Statement, Designation of Trial Counsel, Certification of Entire Controversy, Demand for Answers to Form C & C(4) Interrogatories, Notice Pursuant to Rule 1:7-1, and Track Assignment Notice were served on ITW FEG on December 1, 2020.  (*See* Summons and Complaint with attachments, attached as Exhibit A.)

4. On December 11, 2020, Plaintiff filed an Amended Complaint naming only ITW FEG as a substantive defendant and again including BJ's Wholesale Club ("BJ's") for discovery

---

[1] Plaintiff also named Hobart Service, an unincorporated division of ITW FEG, and Hobart Corporation, an entity that was not involved with the subject product, as defendants in their original Complaint.

purposes only.[2]  (*See* Amended Complaint, attached as Exhibit B.)  ITW FEG was served with the Amended Complaint on December 14, 2020.  Exhibits A and B constitute all process, pleadings, and orders served in the action pending in the State Action.

      5.      Plaintiffs are citizens of New Jersey.  (*See* Amended Complaint.)

      6.      ITW FEG is and was at all relevant times a Delaware limited liability company.  ITW FEG has five members:  FEG Investments L.L.C., ILC Investments Holdings Inc., ITW Mortgage Investments II, Inc., ITW Mortgage Investments III, Inc., and ITW Mortgage Investments IV, Inc.  ITW FEG's first listed member, FEG Investments L.L.C., has one member: Hobart LLC.  Hobart LLC is and was at all relevant times a Delaware limited liability company with its principal place of business in Illinois.  Hobart LLC's sole member is Illinois Tool Works Inc., a Delaware corporation with its principal place of business in Illinois.  Therefore, Hobart LLC is a citizen of Delaware and Illinois.  28 U.S.C § 1332(c)(1).  ITW FEG's remaining members are and were at all relevant times Delaware corporations with their principal places of business in Illinois.  Therefore, ITW FEG's remaining members are citizens of Delaware and Illinois.  *Id.*  Because the five members of ITW FEG are citizens of Delaware and Illinois, ITW FEG is a citizen of Delaware and Illinois.  *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3rd Cir. 2010) ("[T]he citizenship of an LLC is determined by the citizenship of each of its members."); *see also C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) ("diversity jurisdiction in a suit by or against an entity other than a corporation depends on the citizenship of all the members").

      7.      Plaintiffs have named BJ's, Plaintiff James Harvey's employer, as a defendant for purposes of discovery only.  (Amended Complaint, Count One ¶ 1: "Defendant, BJ'S

---

[2]  Plaintiff did not name Hobart Service or Hobart Corporation as defendants in their Amended Complaint.

3

WHOLESALE CLUB . . . is and/or was Plaintiff's employer, and is being named for discovery purposes only."). Upon information and belief, BJ's is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 25 Research Drive, Westborough, Massachusetts 01581.[3]

8.  Defendants ABC, Inc. (1-10), XYZ, Inc. (1-10), John Doe (1-10), and Richard Roe (1-10) are fictitious. (*See* Amended Complaint at Count One ¶¶ 5-6.) Thus, pursuant to 28 U.S.C. § 1441(b)(1) their citizenship must be disregarded for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

9.  Based upon the allegations in the Amended Complaint, the amount in controversy exceeds $75,000.00, exclusive of interests and costs. While Plaintiffs do not plead a specific amount of damages, Plaintiffs allege that Plaintiff James Harvey:

> [S]ustained serious personal injuries; incurred and will continue to incur expenses for hospital and medical attention; has been and will continue to be deprived of lost wages, and other economic losses; was and will continue to be prevented from attending to his usual affairs and occupation; and has suffered, and will in the future to [sic] suffer pain, permanent disability and loss of quality of life.

(Amended Complaint, Count One ¶ 10.) Plaintiffs' counsel has provided ITW FEG's counsel with medical bills that exceed the $75,000.00 threshold.

---

[3] As of the date of this filing, it does not appear that BJ's has been served. Moreover, BJ's is named for discovery purposes only, and thus is a nominal party to this litigation. *See Bumberger v. Ins. Co. of North America*, 952 F.2d 764, 767 (3rd Cir. 1991) (explaining that "[n]ominal parties are generally those without a real interest in the litigation.") "A defendant is not required to consent to removal if that defendant is: (1) an unknown or nominal party; (2) fraudulently joined; or (3) an unserved, non-resident defendant." *See Pelle v. Dial Indus. Sales,* No. 18-12824, 2019 U.S. Dist. LEXIS 59997, at *3 (D.N.J. April 8, 2019). Because BJ's is a nominal party, removal is proper even without BJ's consent.

4

10. Plaintiffs further allege that Plaintiff Kelley Harvey "was, is and will be deprived of the services, earnings, comfort and society, and did and will suffer the loss of consortium of her said spouse for a long period of time." (Amended Complaint, Count Five ¶ 3.)

11. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between Plaintiffs and ITW FEG, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12. By filing this Notice of Removal, ITW FEG does not waive, and hereby reserves, any objection as to service, personal jurisdiction, and all other defenses.

13. This Notice of Removal is being served on counsel for Plaintiffs on this date. ITW FEG will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey Law Division: Middlesex County.

14. The undersigned attorneys are authorized by ITW FEG to file this Notice of Removal. Riccardo M. DeBari is licensed in the State of New Jersey and is a member of the Bar of this Court. Elizabeth B. Wright is licensed in the State of Ohio and Michael A. Steele is licensed in the State of Georgia, and Ms. Wright and Mr. Steele will file applications to appear *pro hac vice*.

WHEREFORE, this action is hereby removed from the Superior Court of New Jersey Law Division: Middlesex County to the United States District Court for the District of New Jersey.

**[Signature on Following Page]**

Dated:  December 23, 2020

        */s/ Riccardo M. DeBari*
        Riccardo M. DeBari
        New Jersey Bar No. 026232008
        Thompson Hine LLP
        335 Madison Avenue, 12th Floor
        New York, NY  10017
        Telephone:  (212) 908-3975
        Facsimile:  (212) 344-6101
        riccardo.debari@thompsonhine.com

        Elizabeth B. Wright
        (Ohio Bar No. 0018456; application to
        appear *pro hac vice* to be filed)
        Thompson Hine LLP
        127 Public Square, Suite 3900
        Cleveland, OH  44114
        Telephone:  (216) 566-5500
        Facsimile:  (216) 566-5800
        elizabeth.wright@thompsonhine.com

        Michael A. Steele
        (Georgia Bar No. 386297; application to
        appear *pro hac vice* to be filed)
        Thompson Hine LLP
        Two Alliance Center
        3560 Lenox Road, Suite 1600
        Atlanta, GA  30326
        Telephone:  (404) 407-3679
        Facsimile:  (404) 541-2905
        michael.steele@thompsonhine.com

        *Attorneys for Defendant*
        *ITW Food Equipment Group LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing Notice of Removal has been electronically filed with the Clerk through the ECF filing system this 23rd day of December 2020 and served by First Class Mail on the following:

Thomas R. Smith
Pellettieri, Rabstein & Altman
989 Lenox Drive, Suite 101
Princeton, NJ  08543-5053

*Attorneys for Plaintiffs*

*/s/ Riccardo M. DeBari*
*One of the Attorneys for Defendant*
*ITW Food Equipment Group LLC*