# Exhibit A

Attorney: PELLETTIERI, RABSTEIN & ALTMAN
Office Address & Tel. No.: P.O. Box 5301, Princeton, NJ 08543-5053, (609) 520-0900
Attorneys for Plaintiffs

| | |
|---|---|
| Plaintiffs, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO.: MID-L-7914-20 |
| JAMES HARVEY and KELLY HARVEY, his wife, | Civil Action |
| vs. | **SUMMONS** |
| Defendants, | |
| HOBART SERVICE | |

*From the State of New Jersey, to The Defendant Named Below:*

**HOBART SERVICE**
**4 Gloria Lane**
**Fairfield, New Jersey 07004**

    *The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625. A filing fee\* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.*

    *If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.*

    *If you cannot afford an attorney, you may call the Legal Services Office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.*

                                                  /s/ Michelle Smith
                                                  SUPERIOR COURT CLERK

Dated:

*Name of Defendant to be served:*    **HOBART SERVICE**
                                                    **4 Gloria Lane**
                                                    **Fairfield, New Jersey 07004**

- *$135.00 FOR CHANCERY DIVISION CASES OR*
- *$135.00 FOR LAW DIVISION CASES*

ATLANTIC COUNTY
Deputy Clerk of the Superior Court
*Civil Division, Direct Filing*
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

BERGEN COUNTY:
Deputy Clerk of the Superior Court
Case Processing Section
Room 119
*Justice Center, 10 Main Street*
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

BURLINGTON COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

CAMDEN COUNTY:
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103-4001
*LAWYER REFERRAL*
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

CAPE MAY COUNTY:
*Deputy Clerk of the Superior Court*
Central Processing Office
9 N. Main St.
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
*(609) 463-0313*
LEGAL SERVICES
(609) 465-3001

CUMBERLAND COUNTY:
Deputy Clerk of the Superior Court
*Civil Case Management Office*
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
*(609) 451-0003*

ESSEX COUNTY:
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

GLOUCESTER COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
Court House
*1 North Broad Street, P.O. Box 129*
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

HUDSON COUNTY:
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Ave.
Jersey City, NJ 07306
*LAWYER REFERRAL*
(201) 798-2727
LEGAL SERVICES
(201) 798-6363

HUNTERDON COUNTY:
*Deputy Clerk of the Superior Court*
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
*LEGAL SERVICES*
(908) 782-7979

MERCER COUNTY:
Deputy Clerk of the Superior Court
*Local Filing Office, Courthouse*
175 S. Broad St., P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
*(609) 695-6249*

MIDDLESEX COUNTY:
Deputy Clerk of the Superior Court
Administration Building
Third Floor
*1 Kennedy Square, P.O. Box 2633*
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

MONMOUTH COUNTY:
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Court House, West Wing
*Freehold, NJ 07728-1262*
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732)866-0020

MORRIS COUNTY:
Deputy Clerk of the Superior Court
Civil Division
Administration & Records Building
P.O. Box 910
Morristown, NJ 07963-0910
*LAWYER REFERRAL*
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

OCEAN COUNTY:
*Deputy Clerk of the Superior Court*
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
*LEGAL SERVICES*
(732) 341-2727

PASSAIC COUNTY
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
*(973) 345-7171*

SALEM COUNTY:
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(609) 935-5629
LEGAL SERVICES
(609) 451-0003

SOMERSET COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

SUSSEX COUNTY:
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
*LAWYER REFERRAL*
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

UNION COUNTY:
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
*(908) 353-4715*
LEGAL SERVICES
(908) 354-4340

WARREN COUNTY:
*Deputy Clerk of the Superior Court*
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
*(973) 267-5882*
LEGAL SERVICES
(908) 475-2010

```
MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK     NJ 08903-2633
                                      TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM
```

                          DATE: NOVEMBER 12, 2020
                          RE:   HARVEY JAMES   VS HOBART CORPORATION
                          DOCKET: MID L -007914 20

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 3.

DISCOVERY IS  450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON BRUCE KAPLAN

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM   002
AT: (732) 645-4300 EXT 88373.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.
                      ATTENTION:
                                  ATT: THOMAS R. SMITH
                                  PELLETTIERI RABSTEIN & ALTMAN
                                  989 LENOX DRIVE, STE 101
                                  PO BOX 5301
                                  PRINCETON      NJ 08543

ECOURTS

PELLETTIERI RABSTEIN & ALTMAN
Thomas R. Smith, Esquire
Attorney ID# 026391986
989 Lenox Drive, Suite 101
Lawrenceville, New Jersey 08648
(609) 520-0900
Attorneys for Plaintiff

| | |
|---|---|
| JAMES HARVEY and KELLY HARVEY, his wife, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MIDDLESEX COUNTY DOCKET NO.: MID-L- |
| Plaintiff(s) | |
| vs. | Civil Action |
| HOBART CORPORATION; HOBART SERVICE; BJ'S WHOLESALE CLUB (for discovery only); ITW FOOD EQUIPMENT GROUP, LLC; ABC, INC. (1-10); XYZ, INC. (1-10); JOHN DOE (1-10) and RICHARD ROE (1-10), said names ABC, Inc., XYZ, Inc., John Doe and Richard Roe being fictitious, jointly, individually and in the alternative, | COMPLAINT AND JURY DEMAND |
| Defendants. | |

Plaintiffs, JAMES HARVEY and KELLY HARVEY, residing in the Township of Rumson, County of Monmouth and State of New Jersey, by way of their complaint say:

## FIRST COUNT

1.  Defendant, HOBART CORPORATION, is a company and/or corporation licensed and/or organized to conduct business in the State of New Jersey, with a principal place of business located at 701 South Ridge Avenue, Troy, Ohio.

2.  Defendant, HOBART SERVICE, is a company and/or corporation licensed and/or organized to conduct business in the State of New Jersey, with a principal place of business located at 4 Gloria Lane, Fairfield, New Jersey.

3. Defendant, BJ'S WHOLESALE CLUB, is a company and/or corporation licensed and/or organized to conduct business in the State of New Jersey, with a principal place of business located at 186 State Route 31, Flemington, New Jersey. This entity is and/or was Plaintiff's employer, and is being named for discovery purposes only.

4. Defendant, ITW FOOD EQUIPMENT GROUP, LLC, is a company and/or corporation licensed and/or organized to conduct business in the State of New Jersey, with a principal place of business located at 155 Harlem Avenue, Glenview, Illinois.

5. On or about November 14, 2018, the plaintiff, JAMES HARVEY, was a business invitee of defendants, BJ'S WHOLESALE CLUB and/or ABC, INC. (1-10), said name ABC, Inc. being fictitious, and was working at the area in or around 186 N.J. Route 31, in the City of Flemington, New Jersey.

6. At all times pertinent hereto the defendants, HOBART CORPORATION, HOBART SERVICE, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10) and/or JOHN DOE (1-10), said names ABC, Inc. and John Doe being fictitious, owned, leased, operated, managed, controlled, maintained and/or supervised the property, or were the manufacturer, vendor, installer and/or company responsible for the maintenance of the power band saw and/or meat cutting machine in question, and warranted to the plaintiff that said equipment was fit and safe to come upon and use.

7. At all times pertinent hereto, the defendants, HOBART CORPORATION, HOBART SERVICE, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (3-10) and/or JOHN DOE (1-10), said names ABC, Inc. and John Doe being fictitious, was and is an organization and/or management company responsible for maintaining, controlling,

supervising, inspecting, and/or repairing the power band saw and/or meat cutting machine in question, on or around the property located at 186 N.J. Route 31, in the City of Flemington, New Jersey.

8. At all times pertinent hereto, defendants, XYZ, INC. (1-10) and RICHARD ROE (1-10), said names XYZ, Inc. and Richard Roe being fictitious, was an agent, servant and/or employee of the defendants, HOBART CORPORATION, HOBART SERVICE, BJ'S WHOLESALE CLUB, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10), and/or JOHN DOE (1-10), said names, ABC, Inc. and John Doe being fictitious.

9. At all times pertinent hereto, the defendants, HOBART CORPORATION, HOBART SERVICE, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC., (1-10), and/or JOHN DOE (1-10), said names, ABC, Inc. and John Doe being fictitious, employed defendants, RICHARD ROE (1-10) and/or XYZ, INC. (1-10), said names Richard Roe and XYZ, Inc. being fictitious, and were vicariously liable for the actions of defendants, RICHARD ROE (1-10) and/or XYZ, INC. (1-10), said names Richard Roe and XYZ, Inc. being fictitious.

10. On or about November 14, 2018, the plaintiff, JAMES HARVEY, was lawfully upon the property at the above-described premises, when he was caused to be injured while utilizing the power band saw and/or meat cutting machine referenced above on said premises.

11. At all times hereinafter mentioned, and for some time prior thereto, it was and became the duty of the defendants to keep the aforesaid premises including, but not limited to the power band saw and/or meat cutting machine in question, in good

3

repair, properly maintained in a safe condition and to correct any dangerous conditions created by them or that existed which constituted a hazard to the lawful users thereof, and to warn the lawful users thereof of unsafe and dangerous conditions of which they knew or should have known existed; but, notwithstanding said duties, the defendants failed to keep the aforesaid equipment in good repair, properly maintained in a safe condition, and failed to correct dangerous conditions created by them which constituted a hazard to the lawful users thereof, and failed to warn the lawful users thereof of unsafe and dangerous conditions of which they knew or should have known existed, and defendants were otherwise negligent in creating a nuisance so as to cause plaintiff, JAMES HARVEY, to be injured thereon.

12. As a result of the negligence of the defendants as aforesaid, the plaintiff, JAMES HARVEY, sustained serious personal injuries; incurred and will continue to incur expenses for hospital and medical attention; has been and will continue to be deprived of lost wages, and other economic losses; was and will continue to be prevented from attending to his usual affairs and occupation; and has suffered, and will in the future to suffer pain, permanent disability and loss of quality of life.

**WHEREFORE**, the plaintiff, JAMES HARVEY, demands judgment against the defendants, HOBART CORPORATION, HOBART SERVICE, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10), XYZ, INC. (1-10), JOHN DOE (1-10) and/or RICHARD ROE (1-10), said names ABC, Inc., XYZ, Inc., John Doe and Richard Roe being fictitious, jointly, individually and in the alternative, on the First Count for damages, interest and costs of suit.

4

## SECOND COUNT

1. The allegations of the First Count are incorporated herein by reference as if more fully set forth.

2. At all times pertinent hereto, the defendants, HOBART CORPORATION, HOBART SERVICE, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10), XYZ, INC. (1-10) and/or JOHN DOE (1-10), said names ABC, Inc., XYZ, Inc. and John Doe being fictitious, were companies and/or individuals licensed and/or organized to do business in the State of New Jersey, or the successor in interest of such companies and/or individuals, engaged in the design, manufacture, fabrication, assembly, installation, sale, lease, repair and/or maintenance of the subject power band saw and/or meat cutting machine.

3. On or about November 14, 2018, the plaintiff, JAMES HARVEY, was lawfully upon the property at the above-described premises, when he was caused to be injured while utilizing a power band saw and/or meat cutting machine on said premises, during which the aforementioned equipment, and/or the component parts thereof, malfunctioned or failed, causing plaintiff injuries, debilitation and necessitating medical interventions.

4. The aforesaid product, and/or component parts thereof, were not reasonably fit, suitable or safe for their intended purposes in that they: (a) deviated from the design specification, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or (b) failed to contain adequate warnings or instructions, or (c) were designed in a defective manner, and, therefore, were defective products within the meaning of N.J.S.A. 2A:58C-1, et seq.

5. As a result of the defective product, and defendants' negligence and carelessness, the plaintiff sustained serious personal injuries, incurred expenses for hospital and medical attention, and was prevented from attending to his usual affairs and occupation, and has suffered and will in the future suffer pain and permanent disability.

**WHEREFORE**, the plaintiff, JAMES HARVEY, demands judgment against the defendants, HOBART CORPORATION, HOBART SERVICE, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10), XYZ, INC. (1-10), JOHN DOE (1-10) and/or RICHARD ROE (1-10), said names ABC, Inc., XYZ, Inc., John Doe and Richard Roe being fictitious, jointly, individually and in the alternative, on the Second Count for damages, interest and costs of suit.

### THIRD COUNT

1. The allegations of the First and Second Counts are incorporated herein by reference as if more fully set forth.

2. At all times pertinent hereto, the defendants, HOBART CORPORATION, HOBART SERVICE, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10), XYZ, INC. (1-10) and/or JOHN DOE (1-10), said names ABC, Inc., XYZ, Inc. and John Doe being fictitious, were companies and/or individuals licensed and/or organized to do business in the State of New Jersey, or the successor in interest of such companies and/or individuals, engaged and/or responsible for the repair and/or maintenance of the subject power band saw and/or meat cutting machine.

3. On or about November 14, 2018, the plaintiff, JAMES HARVEY, was lawfully upon the property at the above-described premises, when he was caused to be injured while utilizing a power band saw and/or meat cutting machine on said premises,

during which the aforementioned equipment, and/or the component parts thereof, malfunctioned or failed, causing plaintiff injuries, debilitation and necessitating medical interventions.

4. The aforesaid defendants were therefore negligent in their duty and/or obligation to maintain and/or repair said equipment in a safe and proper manner for users thereof.

5. As a result of the aforesaid negligence and carelessness of defendants, the plaintiff sustained serious personal injuries, incurred expenses for hospital and medical attention, and was prevented from attending to his usual affairs and occupation, and has suffered and will in the future suffer pain and permanent disability.

**WHEREFORE**, the plaintiff, JAMES HARVEY, demands judgment against the defendants, HOBART CORPORATION, HOBART SERVICE, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10), XYZ, INC. (1-10), JOHN DOE (1-10) and/or RICHARD ROE (1-10), said names ABC, Inc., XYZ, Inc., John Doe and Richard Roe being fictitious, jointly, individually and in the alternative, on the Third Count for damages, interest and costs of suit.

## FOURTH COUNT

1. The allegations of the First Three Counts are incorporated herein by reference as if more fully set forth.

2. The conduct of Defendants, HOBART CORPORATION, HOBART SERVICE, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10), XYZ, INC. (1-10), JOHN DOE (1-10) and/or RICHARD ROE (1-10), said names ABC, Inc., XYZ, Inc., John Doe and Richard Roe being fictitious, was grossly and/or intentionally negligent.

7

3. As a direct and proximate result of the intentional negligence and/or gross negligence of Defendants as aforesaid, plaintiff, JAMES HARVEY, was caused to sustain severe and permanent injuries; was disabled and continues to require medical attention; and has suffered, and will continue to suffer, great pain and torment, both mental and physical.

4. As a further result of the intentional and/or negligent and/or grossly negligent conduct of the defendants, and the resultant injuries sustained by plaintiff, JAMES HARVEY, plaintiff has and will continue to be restricted in his daily activities, and has been forced to spend great and diverse sums of money for medical care and treatment.

5. As a direct and proximate result of the negligent and/or intentional actions of the defendants as aforesaid, plaintiff, JAMES HARVEY, suffered physical and emotional injuries of both a temporary and permanent nature, including considerable pain, anguish, suffering and other special damages.

**WHEREFORE**, plaintiff, JAMES HARVEY, demands judgment against defendants, HOBART CORPORATION, HOBART SERVICE, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10), XYZ, INC. (1-10), JOHN DOE (1-10) and/or RICHARD ROE (1-10), said names ABC, Inc., XYZ, Inc., John Doe and Richard Roe being fictitious, for damages, including without limitation, punitive damages, interest and costs of suit, as well as any such other and further relief as the Court may deem equitable and just.

## FIFTH COUNT

1. The allegations of the First Four Counts are incorporated herein by reference as if more fully set forth.

2.     At all times referenced herein, the plaintiff, KELLY HARVEY, was and still is the lawful spouse of the plaintiff, JAMES HARVEY.

3.     As a result of the foregoing, the plaintiff, KELLY HARVEY, was, is and will be deprived of the services, earnings, comfort and society, and did and will suffer the loss of consortium of her said spouse for a long period of time.

**WHEREFORE**, the plaintiff, KELLY HARVEY, demands judgment against the defendants, HOBART CORPORATION, HOBART SERVICE, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10), XYZ, INC. (1-10), JOHN DOE (1-10) and/or RICHARD ROE (1-10), said names ABC, Inc., XYZ, Inc., John Doe and Richard Roe being fictitious, jointly, individually and in the alternative, on the Fifth Count for damages, interest and costs of suit.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

PELLETTIERI RABSTEIN & ALTMAN<br>
Attorneys for Plaintiff<br><br>
THOMAS R. SMITH, ESQUIRE

9

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that Thomas R. Smith, Esquire is hereby designated as trial counsel.

PELLETTIERI RABSTEIN & ALTMAN<br>
Attorneys for Plaintiff<br>
<br>
THOMAS R. SMITH, ESQUIRE

Dated: November 12, 2020

## CERTIFICATION OF ENTIRE CONTROVERSY

It is hereby certified pursuant to R. 4:5-1, that other than a Worker's Compensation case that is or may be pending, there are no other actions pending or contemplated which arise from the same transactional facts as this matter.

PELLETTIERI RABSTEIN & ALTMAN<br>
Attorneys for Plaintiff<br>
<br>
THOMAS R. SMITH, ESQUIRE

Dated: November 12, 2020

## DEMAND FOR ANSWERS TO FORM C & C(4) INTERROGATORIES

Pursuant to R. 4:17-1, Plaintiffs hereby demand that each defendant herein supply answers to Form C and C(4) interrogatories within 60 days of service of the summons and Complaint herein.

PELLETTIERI RABSTEIN & ALTMAN
Attorneys for Plaintiff

THOMAS R. SMITH, ESQUIRE

Dated: November 12, 2020

## NOTICE PURSUANT TO RULE 1:7-1

Pursuant to Rule 1:7-1, the plaintiff may, at the time of trial, suggest to the trier of fact, with respect to any element of damages, that unliquidated damages be calculated on a time-unit basis.

PELLETTIERI RABSTEIN & ALTMAN
Attorneys for Plaintiff

THOMAS R. SMITH, ESQUIRE

Dated: November 12, 2020

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-007914-20

Case Caption: HARVEY JAMES VS HOBART CORPORATION
Case Initiation Date: 11/12/2020
Attorney Name: THOMAS R SMITH
Firm Name: PELLETTIERI RABSTEIN & ALTMAN
Address: 989 LENOX DRIVE, STE 101 PO BOX 5301 PRINCETON NJ 08543
Phone: 6095200900
Name of Party: PLAINTIFF : HARVEY, JAMES
Name of Defendant's Primary Insurance Company (if known): Unknown

Case Type: PRODUCT LIABILITY
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

Are sexual abuse claims alleged by: JAMES HARVEY? NO

Are sexual abuse claims alleged by: KELLY HARVEY? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
    If yes, for what language:


Please check off each applicable category: Putative Class Action? NO   Title 59? NO   Consumer Fraud? NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b)

11/12/2020                                                                                          /s/ THOMAS R SMITH
Dated                                                                                                          Signed