# Exhibit B

# PELLETTIERI
## RABSTEIN & ALTMAN
### ATTORNEYS AT LAW

Main Office: 989 Lenox Drive
Lawrenceville, New Jersey 08648
Mailing Address: CN 5301
Princeton, New Jersey 08543-5301
(609) 520-0900 • Fax (609) 896-1265
Email: pra@pralaw.com
www.pralaw.com

December 11, 2020

**VIA ELECTRONIC FILING**

SUPERIOR COURT OF NEW JERSEY
MIDDLESEX COUNTY SUPERIOR COURT
56 Paterson Street
New Brunswick, New Jersey 08903-2633

      Re:      **Harvey vs. BJ's Wholesale Club, et. als.**
                **Docket Number: MID-L-7914-20**

Dear Sir/Madam:

      Enclosed please find an original and one copy of Plaintiff's Amended Complaint.

      Kindly charge the filing fees for this to our account with the Superior Court of New Jersey, account number 79700.

      Thank you for your attention to this matter.

                              Respectfully submitted,

                              PELLETTIERI, RABSTEIN AND ALTMAN

                              THOMAS R. SMITH, ESQUIRE

TRS:tja
cc: BJ's Wholesale Club (w/enclosures), via regular and certified mail
    ITW Food Equipment Group (w/enclosures), via regular and certified mail

PELLETTIERI RABSTEIN & ALTMAN
Thomas R. Smith, Esquire
Attorney ID# 026391986
989 Lenox Drive, Suite 101
Lawrenceville, New Jersey 08648
(609) 520-0900
Attorneys for Plaintiff

| | |
|---|---|
| JAMES HARVEY and KELLY HARVEY, his wife, <br><br> Plaintiff(s) <br><br> vs. <br><br> BJ'S WHOLESALE CLUB (for discovery only); ITW FOOD EQUIPMENT GROUP, LLC; ABC, INC. (1-10); XYZ, INC. (1-10); JOHN DOE (1-10) and RICHARD ROE (1-10), said names ABC, Inc., XYZ, Inc., John Doe and Richard Roe being fictitious, jointly, individually and in the alternative, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION – MIDDLESEX COUNTY <br> DOCKET NO.: MID-L-7914-20 <br><br> Civil Action <br><br><br> AMENDED <br> **COMPLAINT** <br> **AND** <br> **JURY DEMAND** |

Plaintiffs, JAMES HARVEY and KELLY HARVEY, residing in the Township of Rumson, County of Monmouth and State of New Jersey, by way of their complaint say:

### FIRST COUNT

1. Defendant, BJ'S WHOLESALE CLUB, is a company and/or corporation licensed and/or organized to conduct business in the State of New Jersey, with a principal place of business located at 186 State Route 31, Flemington, New Jersey. This entity is and/or was Plaintiff's employer, and is being named for discovery purposes only.

2. Defendant, ITW FOOD EQUIPMENT GROUP, LLC, is a company and/or corporation licensed and/or organized to conduct business in the State of New Jersey, with a principal place of business located at 155 Harlem Avenue, Glenview, Illinois.

3. On or about November 14, 2018, the plaintiff, JAMES HARVEY, was a business invitee of defendants, BJ'S WHOLESALE CLUB and/or ABC, INC. (1-10), said name ABC, Inc. being fictitious, and was working at the area in or around 186 N.J. Route 31, in the City of Flemington, New Jersey.

4. At all times pertinent hereto the defendants, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10) and/or JOHN DOE (1-10), said names ABC, Inc. and John Doe being fictitious, owned, leased, operated, managed, controlled, maintained and/or supervised the property, or were the manufacturer, vendor, installer and/or company responsible for the maintenance of the power band saw and/or meat cutting machine in question, and warranted to the plaintiff that said equipment was fit and safe to come upon and use.

5. At all times pertinent hereto, the defendants, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (3-10) and/or JOHN DOE (1-10), said names ABC, Inc. and John Doe being fictitious, was and is an organization and/or management company responsible for maintaining, controlling, supervising, inspecting, and/or repairing the power band saw and/or meat cutting machine in question, on or around the property located at 186 N.J. Route 31, in the City of Flemington, New Jersey.

6. At all times pertinent hereto, defendants, XYZ, INC. (1-10) and RICHARD ROE (1-10), said names XYZ, Inc. and Richard Roe being fictitious, was an agent, servant and/or employee of the defendants, BJ'S WHOLESALE CLUB, ITW FOOD

2

EQUIPMENT GROUP, LLC, ABC, INC. (1-10), and/or JOHN DOE (1-10), said names, ABC, Inc. and John Doe being fictitious.

7. At all times pertinent hereto, the defendants, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC., (1-10), and/or JOHN DOE (1-10). said names, ABC, Inc. and John Doe being fictitious, employed defendants, RICHARD ROE (1-10) and/or XYZ, INC. (1-10), said names Richard Roe and XYZ, Inc. being fictitious, and were vicariously liable for the actions of defendants, RICHARD ROE (1-10) and/or XYZ, INC. (1-10), said names Richard Roe and XYZ, Inc. being fictitious.

8. On or about November 14, 2018, the plaintiff, JAMES HARVEY, was lawfully upon the property at the above-described premises, when he was caused to be injured while utilizing the power band saw and/or meat cutting machine referenced above on said premises.

9. At all times hereinafter mentioned, and for some time prior thereto, it was and became the duty of the defendants to keep the aforesaid premises including, but not limited to the power band saw and/or meat cutting machine in question, in good repair, properly maintained in a safe condition and to correct any dangerous conditions created by them or that existed which constituted a hazard to the lawful users thereof, and to warn the lawful users thereof of unsafe and dangerous conditions of which they knew or should have known existed; but, notwithstanding said duties, the defendants failed to keep the aforesaid equipment in good repair, properly maintained in a safe condition, and failed to correct dangerous conditions created by them which constituted a hazard to the lawful users thereof, and failed to warn the lawful users thereof of unsafe and dangerous conditions of which they knew or should have known existed,

3

and defendants were otherwise negligent in creating a nuisance so as to cause plaintiff, JAMES HARVEY, to be injured thereon.

10. As a result of the negligence of the defendants as aforesaid, the plaintiff, JAMES HARVEY, sustained serious personal injuries; incurred and will continue to incur expenses for hospital and medical attention; has been and will continue to be deprived of lost wages, and other economic losses; was and will continue to be prevented from attending to his usual affairs and occupation; and has suffered, and will in the future to suffer pain, permanent disability and loss of quality of life.

**WHEREFORE**, the plaintiff, JAMES HARVEY, demands judgment against the defendants, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10), XYZ, INC. (1-10), JOHN DOE (1-10) and/or RICHARD ROE (1-10), said names ABC, Inc., XYZ, Inc., John Doe and Richard Roe being fictitious, jointly, individually and in the alternative, on the First Count for damages, interest and costs of suit.

### SECOND COUNT

1. The allegations of the First Count are incorporated herein by reference as if more fully set forth.

2. At all times pertinent hereto, the defendants, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10), XYZ, INC. (1-10) and/or JOHN DOE (1-10), said names ABC, Inc., XYZ, Inc. and John Doe being fictitious, were companies and/or individuals licensed and/or organized to do business in the State of New Jersey, or the successor in interest of such companies and/or individuals, engaged in the design, manufacture, fabrication, assembly, installation, sale, lease, repair and/or maintenance of the subject power band saw and/or meat cutting machine.

3. On or about November 14, 2018, the plaintiff, JAMES HARVEY, was lawfully upon the property at the above-described premises, when he was caused to be injured while utilizing a power band saw and/or meat cutting machine on said premises, during which the aforementioned equipment, and/or the component parts thereof, malfunctioned or failed, causing plaintiff injuries, debilitation and necessitating medical interventions.

4. The aforesaid product, and/or component parts thereof, were not reasonably fit, suitable or safe for their intended purposes in that they: (a) deviated from the design specification, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or (b) failed to contain adequate warnings or instructions, or (c) were designed in a defective manner, and, therefore, were defective products within the meaning of N.J.S.A. 2A:58C-1, et seq.

5. As a result of the defective product, and defendants' negligence and carelessness, the plaintiff sustained serious personal injuries, incurred expenses for hospital and medical attention, and was prevented from attending to his usual affairs and occupation, and has suffered and will in the future suffer pain and permanent disability.

**WHEREFORE**, the plaintiff, JAMES HARVEY, demands judgment against the defendants, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10), XYZ, INC. (1-10), JOHN DOE (1-10) and/or RICHARD ROE (1-10), said names ABC, Inc., XYZ, Inc., John Doe and Richard Roe being fictitious, jointly, individually and in the alternative, on the Second Count for damages, interest and costs of suit.

## **THIRD COUNT**

1.  The allegations of the First and Second Counts are incorporated herein by reference as if more fully set forth.

2.  At all times pertinent hereto, the defendants, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10), XYZ, INC. (1-10) and/or JOHN DOE (1-10), said names ABC, Inc., XYZ, Inc. and John Doe being fictitious, were companies and/or individuals licensed and/or organized to do business in the State of New Jersey, or the successor in interest of such companies and/or individuals, engaged and/or responsible for the repair and/or maintenance of the subject power band saw and/or meat cutting machine.

3.  On or about November 14, 2018, the plaintiff, JAMES HARVEY, was lawfully upon the property at the above-described premises, when he was caused to be injured while utilizing a power band saw and/or meat cutting machine on said premises, during which the aforementioned equipment, and/or the component parts thereof, malfunctioned or failed, causing plaintiff injuries, debilitation and necessitating medical interventions.

4.  The aforesaid defendants were therefore negligent in their duty and/or obligation to maintain and/or repair said equipment in a safe and proper manner for users thereof.

5.  As a result of the aforesaid negligence and carelessness of defendants, the plaintiff sustained serious personal injuries, incurred expenses for hospital and medical attention, and was prevented from attending to his usual affairs and occupation, and has suffered and will in the future suffer pain and permanent disability.

6

**WHEREFORE**, the plaintiff, JAMES HARVEY, demands judgment against the defendants, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10), XYZ, INC. (1-10), JOHN DOE (1-10) and/or RICHARD ROE (1-10), said names ABC, Inc., XYZ, Inc., John Doe and Richard Roe being fictitious, jointly, individually and in the alternative, on the Third Count for damages, interest and costs of suit.

## FOURTH COUNT

1. The allegations of the First Three Counts are incorporated herein by reference as if more fully set forth.

2. The conduct of Defendants, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10), XYZ, INC. (1-10), JOHN DOE (1-10) and/or RICHARD ROE (1-10), said names ABC, Inc., XYZ, Inc., John Doe and Richard Roe being fictitious, was grossly and/or intentionally negligent.

3. As a direct and proximate result of the intentional negligence and/or gross negligence of Defendants as aforesaid, plaintiff, JAMES HARVEY, was caused to sustain severe and permanent injuries; was disabled and continues to require medical attention; and has suffered, and will continue to suffer, great pain and torment, both mental and physical.

4. As a further result of the intentional and/or negligent and/or grossly negligent conduct of the defendants, and the resultant injuries sustained by plaintiff, JAMES HARVEY, plaintiff has and will continue to be restricted in his daily activities, and has been forced to spend great and diverse sums of money for medical care and treatment.

5. As a direct and proximate result of the negligent and/or intentional actions of the defendants as aforesaid, plaintiff, JAMES HARVEY, suffered physical and emotional

7

injuries of both a temporary and permanent nature, including considerable pain, anguish, suffering and other special damages.

**WHEREFORE**, plaintiff, JAMES HARVEY, demands judgment against defendants, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10), XYZ, INC. (1-10), JOHN DOE (1-10) and/or RICHARD ROE (1-10), said names ABC, Inc., XYZ, Inc., John Doe and Richard Roe being fictitious, for damages, including without limitation, punitive damages, interest and costs of suit, as well as any such other and further relief as the Court may deem equitable and just.

## FIFTH COUNT

1. The allegations of the First Four Counts are incorporated herein by reference as if more fully set forth.

2. At all times referenced herein, the plaintiff, KELLY HARVEY, was and still is the lawful spouse of the plaintiff, JAMES HARVEY.

3. As a result of the foregoing, the plaintiff, KELLY HARVEY, was, is and will be deprived of the services, earnings, comfort and society, and did and will suffer the loss of consortium of her said spouse for a long period of time.

**WHEREFORE**, the plaintiff, KELLY HARVEY, demands judgment against the defendants, ITW FOOD EQUIPMENT GROUP, LLC, ABC, INC. (1-10), XYZ, INC. (1-10), JOHN DOE (1-10) and/or RICHARD ROE (1-10), said names ABC, Inc., XYZ, Inc., John Doe and Richard Roe being fictitious, jointly, individually and in the alternative, on the Fifth Count for damages, interest and costs of suit.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

          PELLETTIERI RABSTEIN & ALTMAN
          Attorneys for Plaintiff

          THOMAS R. SMITH, ESQUIRE

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that Thomas R. Smith, Esquire is hereby designated as trial counsel.

          PELLETTIERI RABSTEIN & ALTMAN
          Attorneys for Plaintiff

          THOMAS R. SMITH, ESQUIRE

Dated:

## CERTIFICATION OF ENTIRE CONTROVERSY

It is hereby certified pursuant to R. 4:5-1, that other than a Worker's Compensation case that is or may be pending, there are no other actions pending or contemplated which arise from the same transactional facts as this matter.

          PELLETTIERI RABSTEIN & ALTMAN
          Attorneys for Plaintiff

          THOMAS R. SMITH, ESQUIRE

Dated:

## DEMAND FOR ANSWERS TO FORM C & C(4) INTERROGATORIES

Pursuant to R. 4:17-1, Plaintiffs hereby demand that each defendant herein supply answers to Form C and C(4) interrogatories within 60 days of service of the summons and Complaint herein.

> PELLETTIERI RABSTEIN & ALTMAN
> Attorneys for Plaintiff
>
> THOMAS R. SMITH, ESQUIRE

Dated:

## NOTICE PURSUANT TO RULE 1:7-1

Pursuant to Rule 1:7-1, the plaintiff may, at the time of trial, suggest to the trier of fact, with respect to any element of damages, that unliquidated damages be calculated on a time-unit basis.

> PELLETTIERI RABSTEIN & ALTMAN
> Attorneys for Plaintiff
>
> THOMAS R. SMITH, ESQUIRE

Dated: